

Isela Barrios
Springsong Cooper
Acrivi Coromelas
Cornelia Dai
Valeria De Gonzalez
Barbara Enloe Hadsell
Nancy Hanna
Caitlan McLoon
Brian Olney
Cindy Pánuco
Joshua Piovia-Scott
Randy Renick
Lori Rifkin
Mary Tanagho Ross
Dan Stormer
Mohammad Tajsar

January 13, 2017

**VIA ECF**
Hon. Nathanael M. Cousins
United States Magistrate Judge
San Jose Federal Courthouse
4th Floor - Courtroom 7

      Re:    **Discovery Dispute Between Plaintiffs and CFMG Defendants**
                **Estate of Mark Vasquez Pajas, Sr., et al. v. County of Monterey, et al.**
                **Case No.: 16-cv-0945-LHK**

Dear Judge Cousins:

Pursuant to your Civil Standing Order, Plaintiffs hereby submit their portion of a discovery statement[1] setting forth: 1) unresolved issues with responses to discovery by California Forensic Medical Group ("CFMG") Defendants, and 2) Plaintiffs' proposed resolution of these issues. In response to Plaintiffs' first set of document requests, CFMG has produced only two documents (two sets of policies and procedures),[2] has given vague and evasive responses, has failed to produce a privilege log for withheld documents, and has refused to search for ESI using search terms and custodians proposed by Plaintiffs. CFMG has also failed to designate and provide dates for a person to testify on its behalf pursuant to Fed.R. Civ.P. 30(b)(6).

    I.    **Plaintiffs' Statement**

---

[1] Plaintiffs attempted to submit this as a Joint Statement pursuant to this Court's Civil Standing Order. On January 6, 2017, Plaintiffs provided notice to CFMG counsel that they intended to file this statement on January 13, 2017 and would send Plaintiffs' portion of the statement on January 10, 2017. Ex. 13. Defendants did not respond. On January 10, 2017, Plaintiffs forwarded this letter to CFMG, and asked them to fill in their portion and return it to Plaintiffs by 10:00 a.m. on January 13, 2017 for filing. Ex. 12. On January 11, 2017, CFMG produced limited additional documents related to CFMG's contract with Monterey County but did not respond in any manner regarding the Joint Statement. Ex. 13. On January 12, 2017, during the deposition of Defendant Orozco, CFMG counsel advised Plaintiffs that he would not send the CFMG portion of the Joint Statement but would call Plaintiffs on Friday to confer on the outstanding discovery. On January 13, 2017, Plaintiffs' counsel conferred telephonically with CFMG counsel about a number of the outstanding issues. CFMG counsel represented that some withheld documents will be produced but did not provide any timeline or date certain for production. As of the filing of this letter, all of the issues outlined herein remain outstanding because Plaintiffs have not received the outstanding discovery. Given the substantial prejudice caused by CFMG's unjustified delay in discovery, and the Court's emphasis that deadlines will not be further continued, Dkt. No. 83, Plaintiff files this letter in accordance with the provision in this Court's Civil Standing Order.

[2] In response to document demands served by Defendant King City, CFMG produced Mr. Pajas's medical file and CFMG's policies and procedures manual.

128 North Fair Oaks Avenue, Pasadena, California 91103
Tel: 626.585.9600 • Fax: 626.577.7079 • www.hadsellstormer.com
Pasadena I Los Angeles I Emeryville I Garden Grove



**Hadsell Stormer & Renick LLP**

January 13, 2017
Page 2

   This civil rights case arises from the wrongful death of Mark Pajas Sr. less than 24 hours after being transferred to custody of the Monterey County Jail ("the Jail"). Plaintiffs filed suit on February 25, 2016, (Dkt. No. 1), and the operative First Amended Complaint on August 5, 2016, stating claims, *inter alia*, for deliberate indifference by custody and medical staff in the jail. (Dkt. No. 63.) The fact discovery cut-off deadline is currently March 2, 2017. (Dkt. No. 55.) The parties filed a Joint Stipulation to Amend the Scheduling Order and continue the fact discovery cut-off to March 31, 2017. (Dkt. No. 82). Judge Koh granted it, but ordered that "no further extensions shall be granted." (Dkt. No. 83).

   On November 11, 2016, Plaintiffs served their Requests for Production of Documents ("Requests") Set One to CFMG with 49 document requests. (Exhibit ("Ex") 4). On December 8, Plaintiffs wrote to CFMG requesting that the parties meet and confer pursuant to the Stipulated Order Re: Discovery of Electronically Stored Information. (Exs. 1, 2)

   On December 14, CFMG asked for a one-week extension to respond. (Ex. 3). Plaintiffs agreed to extend the deadline to respond and produce documents to December 21, but added that such response "should include production of ESI material we have requested." *Id.* Rather than accept Plaintiffs' offer, CFMG served only responses and objections to Mr. Pajas' first set of document requests on December 14 and produced zero responsive documents. (Ex. 4). On December 22, CMFG's counsel represented that he would "produce shortly" the "balance of the documents you have requested." (Ex. 5 at p. 3.)

   CFMG did not, in fact, produce any documents until January 4, 2016. (Ex. 9.) CFMG produced what appear to be two policy and procedure documents related to treatment of benzodiazepine withdrawal, and wrote that it hoped to have other outstanding documents by January 5, 2017, as well as "supplemental responses." (Ex. 9). To date, CFMG has not produced any supplemental responses and limited additional documents as described in footnote 1, *supra*.

   In the meantime, Plaintiffs have made repeated efforts to resolve these discovery disputes. Plaintiffs set forth in detail the deficiencies with CFMG's responses, objections and productions in a letter dated December 28, 2016, (Ex. 6), and raised these issues during numerous telephonic conferences of counsel, including on December 16, 2016, January 4, 2017, and January 13, 2017, and in person after the parties' Jail inspection on December 21, 2016.

   As detailed in Plaintiffs' December 28 letter (Ex. 6), CFMG is withholding relevant documents, such as documents related to in-custody deaths of inmates at the Jail,[3] quality assurance documents related to in-custody deaths of inmates at the Jail and other jails where CFMG operates, other complaints and settlements related to in-custody deaths[4], personnel files of CFMG employees directly involved in the medical care given to Mr. Pajas before his death,[5] and its contracts with other jails.[6] CFMG also served only vague responses that it "has already produced" documents, or that it will produce documents "to the extent that they exist," and does not explain whether documents exist, never existed, are being withheld, or have been searched

---

[3] *See, e.g., Brooks v. Celeste*, 39 F.3d 125, 128–29 (6th Cir. 1994) (remanding case to district court with instructions to determine whether prison doctor's repeated negligence made him subjectively aware of substantial risk of serious harm, noting that "one way to prove that an official acted with deliberate indifference is to show that he repeatedly acted in a certain manner"); *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983) (showing repeated pattern of misconduct by prison medical provider is one method of proving deliberate indifference); *Todaro v. Ward*, 565 F.2d 48 (2d Cir. 1977) (same).
[4] *Id.*
[5] *C.T. v. Liberal Sch. Dist.*, Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 U.S. Dist. LEXIS 10348, at *17 (D. Kan. Feb. 11, 2008) (personnel files, even of non-defendants, are relevant and discoverable in civil rights cases).
[6] *See, e.g., Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1314–15 (11th Cir. 2001) (a city employee's prior acts of misconduct at other non-city jobs relevant to demonstrate city's deliberate indifference).

**Hadsell Stormer & Renick LLP**

January 13, 2017
Page 3

for.[7] In violation of the Court's Order Re: Discovery of ESI, CFMG has not explained what ESI searches it has already conducted or is presently conducting (*see Rogers, infra*, n. 3). Contrary to Rule 26(b)(5), CFMG also failed to serve a privilege log for any withheld documents.[8] Significantly, prior to this Joint Statement, CFMG refused to respond in any manner regarding the above-described deficiencies in its discovery responses.

Meanwhile, Plaintiffs originally noticed the deposition of CFMG's 30(b)(6) designee for January 4, 2017 and requested counsel provide alternative dates if that date did not work. Ex. 11. During a meet and confer following the parties' inspection of the Jail on December 21, 2016, and a phone call on January 4, Plaintiffs repeated their request for new deposition dates for the 30(b)(6) designee, and counsel for CFMG stated that the company was still sorting out who the proper designee would be, and that he would send dates once CFMG made its decision. Plaintiffs are still waiting. Plaintiffs have also been forced to postpone depositions of CFMG witnesses scheduled for early January 2017 because of CFMG's near-complete failure to respond to written discovery.

Faced with this stonewalling, Plaintiffs gave CFMG notice via voicemail and email that they would file a motion to compel and would send their portion of the joint statement by close of business on Tuesday, January 10, 2017. Ex. 10. As of January 10, CFMG had not responded to Plaintiffs' notice of filing in any manner, or produced any additional documents or responses.

Plaintiffs request that the Court order CFMG to:

1) *Produce all outstanding responsive documents by **January 18, 2017**.*
2) *Serve a privilege log satisfying the requirements of the Federal Rules of Civil Procedure for any withheld documents by **January 18, 2017**;*
3) *Serve amended responses explaining its diligence and identifying responsive documents by Bates number by **January 18, 2017**;*
4) *Respond to Plaintiffs' December 28, 2017 meet and confer, letter regarding discovery deficiencies by **January 18, 2017**. The Court should set a hearing and briefing schedule for hearing any remaining disputes regarding production;*
5) *Conduct an ESI search using the proposed custodians and search terms identified in Plaintiffs' December 28 letter, and produce all responsive ESI by **January 25, 2017**;*
6) *Identify its Fed. R. Civ. P. 30(b)(6) designee and provide multiple February 2017 deposition dates by **January 18, 2017**;*
7) *Pay Plaintiffs reasonable costs and fees associated with this discovery dispute. The Court should set a hearing and briefing schedule on Plaintiffs' request for discovery sanctions pursuant to Local Rule 37-4.*

Respectfully submitted,

/s/

Cindy Pánuco

---

[7] *See Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.")

[8] *See Litton Systems, Inc. v. AT&T*, 90 F.R.D. 410 (S.D.N.Y. 1981) (waiver in absence of privilege log)

**128 North Fair Oaks Avenue, Pasadena, California 91103**
**Tel: 626.585.9600 • Fax: 626.577.7079 • www.hadsellstormer.com**
**Pasadena | Los Angeles | Emeryville | Garden Grove**