## SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN

**ALAN L. MARTINI**
(408) 918-3703

amartini@smtlaw.com

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1033 WILLOW STREET
SAN JOSE, CALIFORNIA 95125

Area Code: 408
Telephone: 288-9700
Facsimile: 295-9900

January 27, 2017

Hon. Susan van Keulen
United States Magistrate Judge
United States District Court
280 South First Street, Courtroom 6, 4th Floor
San Jose, CA 95113

> **Re:** ***Estate of Mark Vasquez Pajas, Sr., etc. v. County of Monterey, et al.***
> ***Case No.: 16-cv-0945 LHK***
> ***Discovery Dispute Between Plaintiffs and CFMG Defendants***

Dear Judge van Keulen:

After being arrested and fully medically evaluated at Natividad Medical Center in Salinas, California and medically cleared for jail, Mark Pajas, Sr. was admitted to the Monterey County Jail at 7:00 p.m. on January 19, 2015, and placed on an opiate detox protocol because he was a regular heroin user. Nineteen hours later, Pajas died of a heart attack. He sues the County of Monterey and CFMG for alleged deliberate indifference to his serious medical needs.

On December 14, 2016, defendant, California Forensic Medical Group, Inc. ("CFMG") served responses and objections to Plaintiff, Estate of Mark Vasquez Pajas, Sr.'s Request for Production of Documents, Set One. The responses included reference to documents previously produced, including plaintiffs' decedent's complete medical file and the CFMG policies and procedures manual. CFMG objected primarily on relevancy and privacy grounds to the requests for documents related to all "in-custody deaths of inmates" at the subject Monterey County Jail, as well as all other jails where CFMG operates, CFMG contracts with other jails and personnel files of CFMG employees involved with the medical care given to plaintiffs' decedent. Although CFMG agreed to produce additional documents, actual production was delayed due to the holidays and medical issues of a key employee.

On December 28, 2016, plaintiffs' counsel wrote to CFMG's counsel a "meet-and-confer" letter requesting production of the balance of the documents which CFMG agreed to produce, but had not yet produced (Request Nos. 1-13, 19, 20, 41, 42, 43, 47, and 49 and similarly Request Nos. 14, 16, 17, 18, 21-34, 38, 39, and 48) and requesting CFMG to state whether it made a reasonable inquiry and exercised due diligence in attempting to locate the requested documents.

The meet-and-confer letter also generally discussed Request Nos. 15, 35, 36, 37, 39, 40, 45, and 46 to which CFMG objected primarily on the grounds of relevancy. Request No. 15 requested copies of all contracts maintained by CFMG with other jails from January 1, 2012 to the present. Request Nos. 35 and 36 sought documents related to deaths of inmates who were experiencing opiate, alcohol, and/or benzodiazepine, and/or detoxification at the Monterey County Jail and other jails CFMG services prior to January 19, 2015. Request No. 37 sought documents related to quality assurance assessments in connection with any such deaths at any

ATTORNEYS AT LAW

SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN
A PROFESSIONAL CORPORATION

Hon. Susan van Keulen
January 27, 2017
Page 2

California jails where CFMG provides healthcare services.  CFMG objected to these requests on the grounds that they were overbroad, oppressive, burdensome, called for attorney-client privileged material and violated the privacy rights of other inmates under HIPAA. Request Nos. 39 and 40 requested documents related to settlements entered into by CFMG related to "inmate deaths" and any complaints related to "inmate deaths" in California jails at which CFMG operates.  CFMG responded with a similar objection.

On January 11, 2017, CFMG produced additional documents relating to CFMG's contract with Monterey County. On January 12, 2017, CFMG's counsel personally advised plaintiffs' counsel that he was continuing to research the issues presented and that he was at that time unable to provide the plaintiffs with CFMG's portion of a joint statement and asked to speak to plaintiffs' counsel the following day.  The following day, January 13, 2017, CFMG's counsel called plaintiffs' counsel and advised her that CFMG was still attempting to "meet-and-confer" and to comply with the demands in the December 28, 2016 meet-and-confer letter but needed more time to complete research on the issues and to compile all of the non-objected to documents.

On January 17, 2017, CFMG served its Supplemental Responses to Plaintiffs' Request for Production of Documents, Set One (Exhibit A).  On January 19, 2017, CFMG served its Second Supplemental Response providing additional documents (a total of 1,245 pages) (Exhibit B.)  In a further effort to resolve these issues, defense counsel wrote to plaintiffs' counsel on January 19, 2017, addressing the issues raised in her December 28, 2016 letter (Exhibit C.)  The letter pointed out that defendant had served a Supplemental Response to the discovery requests and that it appeared that the only outstanding issues were with the breadth of Request Nos. 15, 28, 35, 36, 37, 38, 39 and 40. Request No. 15 sought production of all contracts CFMG has with any counties other than the County of Monterey.  Defendant has produced its contract with the County of Monterey. However, plaintiffs have never offered any case law or argument supporting their position that contracts relating to other facilities are at all relevant or discoverable in this action.  Similarly, the balance of the requests have been objected to on the basis that they seek information relating to "deaths of inmates at California jails at which CFMG provided healthcare services."  These requests are overbroad.  However, CFMG agreed to further respond to the requests if plaintiffs would agree to restrict them to documents related to deaths of inmates who were experiencing opiate withdrawal and/or detoxification at California jails from January, 2010 through January 19, 2015.  Plaintiffs have never responded to this offer.  Furthermore, the January 19, 2017 letter offered a 30(b)(6) witness and requested plaintiffs to indicate when they would like to take the deposition.  Plaintiffs have never responded to this request either and the deposition to date remains unscheduled for that reason.

ATTORNEYS AT LAW
## SHEUERMAN, MARTINI, TABARI,
### ZENERE & GARVIN
A PROFESSIONAL CORPORATION

Hon. Susan van Keulen
January 27, 2017
Page 3

Defendant responds to plaintiffs' issues as follows:

1.      Defendant has produced all outstanding unobjected to documents on January 17, 2017 and January 19, 2017;

2.      A privilege log is unnecessary as no otherwise unobjected to documents are being withheld on the grounds of privilege;

3.      Amended responses were served January 17th and 19, 2017;

4.      Defendant did respond to plaintiffs' December 28, 2016 meet-and-confer letter on January 19, 2017;

5.      Although defendant never agreed to conduct the extensive ESI search reflected in plaintiffs' counsel's December 28, 2016 letter, which was also never discussed, defendant has stated that it has made a reasonable and diligent effort to locate the requested documents in its responses;

6.      In its January 19, 2017 letter, defendant did identify a 30(b)(6) witness and asked plaintiffs' counsel when she would like to set the deposition.  The ball is in plaintiffs' court;

7.      Sanctions are not appropriate.

Defendants have not stonewalled plaintiffs in discovery.  Although CFMG has been involved in other cases in this court regarding its treatment of patients at the Monterey County Jail, defendants' current counsel has only recently been representing CFMG in these cases and any delay in responding to plaintiffs' December 28, 2016 meet-and-confer letter for three weeks in order to research the issues and come up to speed on the reasonableness of plaintiffs' very broad discovery requests, is not unreasonable.  CFMG is attempting to work with plaintiffs and is waiting for plaintiffs to respond to its January 19, 2017 meet-and-confer letter so that the balance of these issues can be resolved.

Respectfully submitted,

ALAN L. MARTINI

ALM:ao
Enclosures

David Sheuerman, SB No. 78132
Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A Professional Corporation
1033 Willow Street
San Jose, California 95125
Telephone (408) 288-9700
Facsimile (408) 295-9900
Emails: dsheuerman@smtlaw.com
amartini@smtlaw.com

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL
GROUP, INC.; CHRISTINA KAUPP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF MARK VASQUEZ PAJAS, SR., deceased, by and through ROSEMARY LOPEZ, as Administrator; ROSEMARY LOPEZ; YVETTE PAJAS; YVETTE PAJAS; MARK PAJAS, JR.; JANEL PAJAS; XAVIER PAJAS, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacity; KING CITY; KING CITY POLICE DEPARTMENT; CHIEF TONY SOLLECITO, in his individual and official capacity; OFFICER STEVE OROZCO, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP; CHRISTINA KAUPP; and DOES 1-20, <br><br> Defendants. | Case No.: 16-cv-00945 LHK <br><br> **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.'s REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:     Plaintiff, ESTATE OF MARK VASQUEZ PAJAS, SR.

RESPONDING PARTY:     Defendant CALIFORNIA FORENSIC MEDICAL GROUP

SET NUMBER:     One

EXHIBIT

A

1

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1   Defendant California Forensic Medical Group, Inc. ("CFMG") provides supplemental

2   responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s Request for Production of Documents, Set

3   One, by stating as follows:

4   **PRELIMINARY STATEMENT**

5   1.   CFMG has not completed its investigation of the facts relating to this case, and has

6   not completed its discovery in this action. Accordingly, all the responses contained herein are based

7   only upon such information and documents which are currently available and specifically known to

8   CFMG and disclose only those contentions which currently occur to CFMG. It is anticipated that

9   further independent investigation, discovery, legal research and analysis will supply additional facts,

10   add meaning to the known facts, and establish entirely new factual conclusions and legal contentions,

11   all of which may lead to substantial additions to, changes in and variations from the contentions

12   herein set forth.

13   2.   The following responses are given without prejudice to CFMG's right to introduce

14   evidence of any subsequently discovered fact, witness or documents which CFMG becomes aware

15   of. CFMG accordingly reserves the right to change any and all responses herein as additional facts

16   are ascertained, analyses are made, legal research is completed, and contentions are made. The

17   answers and objections contained herein are made in a good faith effort to supply as much factual

18   information and as much specification of legal contentions as is presently known which should in no

19   way be the prejudice of CFMG in relation to future discovery, research or analysis.

20   3.   Defendant CFMG's investigation and development of all facts and circumstances

21   relating to this action is ongoing. These responses and objections are made without prejudice to, and

22   are not a waiver of, CFMG's right to rely on other facts or documents at trial.

23   4.   By making the accompanying responses and these objections to Plaintiff ESTATE OF

24   MARK VASQUEZ PAJAS, SR.'s request for production, CFMG does not waive, and hereby

25   expressly reserves, its right to assert any and all objections as to the admissibility of such responses

26   into evidence in this action, or in any other proceedings, on any and all grounds including, but not

27   limited to, competency, relevancy, materiality, and privilege. Further CFMG makes the responses

28   and objections herein without in any way implying that it considers the requests or responses thereto

2

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1    to be relevant or materials to the subject matter of this action.

2    5.    CFMG will produce responsive documents only to the extent that such documents are

3    in the possession, custody, or control of CFMG, as set forth in the Federal Rules of Civil Procedure.

4    CFMG's possession, custody or control does not include any constructive possession that may be

5    conferred by CFMG's right or power to compel the production of documents from third parties or to

6    request their production from other entities.

7    6.    CFMG expressly reserves the right to supplement, clarify, revise, or correct any or all

8    of the responses and objections herein, and to assert additional objections or privileges, in one or

9    more subsequent supplemental response(s).

10    7.    CFMG will make available for inspection at CFMG's offices responsive documents

11    and things.  Alternatively, CFMG will produce copies of the documents.

12    8.    Publicly available documents including, but not limited to, newspaper clippings, court

13    papers, and documents available on the Internet, will not be produced.

14    ## GENERAL OBJECTIONS

15    1.    CFMG objects to each instruction, definition, and document request to the extent that

16    it purports to impose any requirement or discovery obligation greater than or different from those

17    under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

18    2.    CFMG submits these responses and objections without conceding the relevancy or

19    materiality of the subject matter of any request or of any document, or that any responsive materials

20    exist.

21    3.    CFMG likewise does not waive the right to object, on any and all grounds, to (1) the

22    evidentiary use of documents produced in response to these requests; and (2) discovery requests

23    relation to those documents.

24    4.    The responses and objections contained herein are made on the basis of information

25    now known to CFMG and are made without waiving any further objections to or admitting the

26    relevancy or materiality of any of the information requested.  CFMG's investigation, discovery and

27    preparation for proceedings are continuing and all answers are given without prejudice to CFMG's

28    right to introduce or object to the discovery of any documents, facts or information discovered after

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1   the date thereof.

2       5.      CFMG will provide its responses based on terms as they are commonly understood,

3   and consistent with the Federal Rules of Civil Procedure.  CFMG objects to and will refrain from

4   extending or modifying any words employed in the requests to comport with expanded definitions or

5   instructions.

6       6.      CFMG objects to each document request that is overly broad, unduly burdensome, or

7   not reasonably calculated to lead to the discovery of admissible evidence.

8       7.      CFMG objects to each definition, instruction, and document request, to the extent that

9   it seeks documents protected from disclosure by the attorney-client privilege, deliberative process

10  privilege, the attorney work product doctrine, or any other applicable privilege.  Should any such

11  disclosure by CFMG occur, it is inadvertent and shall not constitute a waiver of any privilege.

12      8.      To the extent any of Plaintiff ESTATE OF MARK VASQUEZ PAJAS, SR.

13  document requests seek documents that include expert material, CFMG objects to any such requests

14  as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all

15  responses to such requests, and to assert additional objections or privileges, in one or more

16  subsequent supplemental response(s) in accordance with the time period for exchanging expert

17  reports as determined by the Court.  CFMG incorporates by reference every general objection set

18  forth above into each specific response set forth below.  A specific response may repeat a general

19  objection for emphasis or some other reason.  The failure to include any general objection in any

20  specific response does not waive any general objection to that request.  Moreover, CFMG does not

21  waive its right to amend its response.

22

23

24

25

26

27

28

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS reflecting any agreement(s) and/or memoranda of understanding between CFMG and Natividad Medical Center from January 1, 2012 to present.

**SUPPLEMENTAL RESPONSE:**

After a diligent search and reasonable inquiry, no such documents exist.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS RELATING TO any death(s) of inmates who were experiencing opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at Monterey County Jail.

**SUPPLEMENTAL RESPONSE:**

CFMG objects to this request on the grounds that this request is overbroad, oppressive and unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be protected by the attorney-client privilege. CFMG further objects to this request and violating the privacy rights of third parties, not a party to this action, not designed to lead to admissible evidence and as violating HIPAA laws. Without waiving these objections, after a diligent search and reasonable inquiry, no such documents exist.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS RELATED TO any death(s) of inmates who were experiencing or suspected of experiencing opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at California jails at which CFMG provided HEALTH CARE SERVICES prior to January 19, 2015.

**SUPPLEMENTAL RESPONSE:**

CFMG objects to this request on the grounds that this request is overbroad, oppressive and unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be protected by the attorney-client privilege. CFMG further objects to this request and violating the privacy rights of third parties, not a party to this action, not designed to lead to admissible evidence and as violating HIPAA laws. Without waiving these objections, Responding Party responds that after a diligent search and reasonable inquiry, none exist arising out of treatment at the Monterey

1 County Jail.

2

3 **REQUEST FOR PRODUCTION NO. 37:**

4   Any and all DOCUMENTS RELATED TO any quality assurance, quality assessment, or

5 quality improvement conducted in connection with any death(s) of inmates who were experiencing

6 opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at California jails at which

7 CFMG provided HEALTH CARE SERVICES.

8 **SUPPLEMENTAL RESPONSE:**

9 CFMG objects to this request on the grounds that this request is overbroad, oppressive and unduly

10 burdensome, calls for a legal and/or expert opinion and seeks information that may be protected by

11 the attorney-client privilege. CFMG further objects to this request and violating the privacy rights of

12 third parties, not a party to this action, not designed to lead to admissible evidence and as violating

13 HIPAA laws. Without waiving these objections, Responding Party responds that after a diligent

14 search and reasonable inquiry, none exist arising out of treatment at the Monterey County Jail.

15

16 **REQUEST FOR PRODUCTION NO. 38:**

17   Any and all judgments or decrees entered for or against CFMG RELATED TO deaths of

18 inmates at California jails at which CFMG provided HEALTH CARE SERVICES.

19 **SUPPLEMENTAL RESPONSE:**

20   CFMG objects to this request on the grounds that this request is overbroad, oppressive and

21 unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

22 protected by the attorney-client privilege. Subject to and without waiving these objections, CFMG

23 responds as follows: without waiving these objections, there are none with regard to deaths of

24 inmates who were experiencing or suspected of experiencing opiate, alcohol, and/or benzodiazepine

25 withdrawal and/or detoxification at the Monterey County Jail prior to January 19, 2015.

26

27 **REQUEST FOR PRODUCTION NO. 39:**

28   Any an all settlements entered into by CFMG RELATED to deaths of inmates at California

6

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1 | jails at which CFMG provided HEALTH CARE SERVICES.

2 | **SUPPLEMENTAL RESPONSE:**

3 | CFMG objects to this request on the grounds that this request is overbroad, oppressive and

4 | unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

5 | protected by the attorney-client privilege.  CFMG further objects to this request and violating the

6 | privacy rights of third parties, not a party to this action, not designed to lead to admissible evidence

7 | and as violating HIPAA laws.  CFMG further objects to this request to the extent the request violates

8 | confidentiality agreements and/or orders. Without waiving these objections, there are none with

9 | regard to deaths of inmates who were experiencing or suspected of experiencing opiate, alcohol,

10 | and/or benzodiazepine withdrawal and/or detoxification at the Monterey County Jail prior to January

11 | 19, 2015.

12 |

13 | **REQUEST FOR PRODUCTION NO. 40:**

14 | Any and all complaints received by CFMG, whether filed in state or federal court or those

15 | contained in demand letters or other DOCUMENTS, RELATED TO deaths of inmates at California

16 | jails at which CFMG provided health care services.

17 | **SUPPLEMENTAL RESPONSE:**

18 | CFMG objects to this request on the grounds that this request is overbroad, oppressive and

19 | unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

20 | protected by the attorney-client privilege.  CFMG further objects to this request and violating the

21 | privacy rights of third parties, not a party to this action, not designed to lead to admissible evidence

22 | and as violating HIPAA laws. Without waiving these objections, there are none with regard to deaths

23 | of inmates who were experiencing or suspected of experiencing opiate, alcohol, and/or

24 | benzodiazepine withdrawal and/or detoxification at the Monterey County Jail prior to January 19,

25 | 2015.

26 |

27 | **REQUEST FOR PRODUCTION NO. 41:**

28 | Job description for ALL individuals identified by YOU in YOUR Initial Disclosures, Section

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1   A, Nos. 2-9.

2   **SUPPLEMENTAL RESPONSE:**

3         Any documents responsive to this request have previously been produced as Bates Stamped

4   Nos. CFMG 381 - CFMG 879.

5

6   **REQUEST FOR PRODUCTION NO. 42:**

7         A staff roster, list, organizational chart, or other DOCUMENT reflecting the job positions, of

8   CFMG staff, employees, and/or contractors working at or with Monterey County Jail.

9   **SUPPLEMENTAL RESPONSE:**

10        Any documents responsive to this request have previously been produced as Bates Stamped

11  Nos. CFMG 381 - CFMG 879.

12

13  **REQUEST FOR PRODUCTION NO. 43:**

14        Any organizational chart for CFMG from January 1, 2013 to present.

15  **SUPPLEMENTAL RESPONSE:**

16        Any documents responsive to this request have previously been produced as Bates Stamped

17  Nos. CFMG 381 - CFMG 879.

18

19  **REQUEST FOR PRODUCTION NO. 44:**

20        The current curriculum vitae of YOUR employee, KAUPP.

21  **SUPPLEMENTAL RESPONSE:**

22        After a diligent search and reasonable inquiry, no such documents exist.

23

24  **REQUEST FOR PRODUCTION NO. 45:**

25        The complete contents of YOUR personnel file for KAUPP.

26  **SUPPLEMENTAL RESPONSE:**

27        CFMG objects to this request on the grounds that the request is overbroad, oppressive and

28  unduly burdensome, and seeks information that is protected by the laws of privacy and

8

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1 | confidentiality.  Without waiving these objections, relevant, non-privileged portions of the contents

2 | of KAUPP's personnel file are produced as Bates Stamped Nos. CFMG 1203 - CFMG 1241.

3 | Documents related to private information, protected by the privacy laws, including Social Security

4 | numbers, W-4's, W-2's, financial information, and healthcare records are not being produced.

5

6 | **REQUEST FOR PRODUCTION NO.46:**

7 | Any and all DOCUMENTS RELATING TO any complaints and/or grievances, whether

8 | formal or informal, submitted by any inmate(s) against KAUPP.

9 | **SUPPLEMENTAL RESPONSE:**

10 | CFMG objects to this request on the grounds that this request is overbroad, oppressive,

11 | unduly burdensome, and seeks information that violates the privacy rights of third parties not a party

12 | to this action, not designed to lead to admissible evidence and as violating HIPAA laws.  Without

13 | waiving these objections, responsive documents are produced as Bates Stamped Nos. CFMG 1237 -

14 | CFMG 1240 portions of documents related to private information, protected by the privacy laws, of

15 | subject inmates have been redacted.

16

17 | **REQUEST FOR PRODUCTION NO. 47:**

18 | Any and all DOCUMENTS RELATING TO all training provided by YOU to Kaupp.

19 | **SUPPLEMENTAL RESPONSE:**

20 | Please see documents produced herewith as CFMG 381 - 879, and CFMG Nos. 1147 -

21 | CFMG 1202.

22

23 | **REQUEST FOR PRODUCTION NO. 48:**

24 | Any and all DOCUMENTS RELATING TO KAUPP's email communications with any

25 | person REGARDING PAJAS, from January 19, 2015 through the present.

26 | **SUPPLEMENTAL RESPONSE:**

27 | CFMG objects to this request on the grounds that this request is overbroad, oppressive and

28 | unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1   protected by the attorney-client privilege.  Subject to and without waiving these objections, after a

2   diligent search and reasonable inquiry, no such documents exist.

3

4   **REQUEST FOR PRODUCTION NO. 49:**

5          Any and all DOCUMENTS RELATING TO KAUPP's examination, assessment, and/or

6   observation of PAJAS on January 20, 2015.

7   **SUPPLEMENTAL RESPONSE:**

8          CFMG has produced responsive documents with Bates Stamped Nos. CFMG 1 - CFMG

9   1146.

10

11  Dated: January 17, 2017                    SHEUERMAN, MARTINI, TABARI,
                                               ZEMERE & GARVIN
12

13                                             By: _____

14                                             Alan L. Martini
                                               Attorneys for Defendants
15                                             CALIFORNIA FORENSIC MEDICAL
                                               GROUP, INC. and CHRISTINA KAUPP
16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s
Request for Production of Documents, Set One

1  David Sheuerman, SB. No. 78132
   Alan L. Martini, SB No. 77316
2  SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
   A Professional Corporation
3  1033 Willow Street
   San Jose, California 95125
4  Telephone (408) 288-9700
   Facsimile (408) 295-9900
5  Emails: dsheuerman@smtlaw.com
   amartini@smtlaw.com
6
   Attorneys for Defendants
7  CALIFORNIA FORENSIC MEDICAL
   GROUP, INC.; CHRISTINA KAUPP
8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12  ESTATE OF MARK VASQUEZ PAJAS, SR.,      ) Case No.: 16-cv-00945 LHK
    deceased, by and through ROSEMARY LOPEZ, as )
13  Administrator; ROSEMARY LOPEZ; YVETTE   )CERTIFICATE OF SERVICE RE:
    PAJAS; YVETTE PAJAS; MARK PAJAS, JR.;   )DEFENDANT CALIFORNIA FORENSIC
14  JANEL PAJAS; XAVIER PAJAS,              )MEDICAL GROUP'S SUPPLEMENTAL
                                            )RESPONSES TO PLAINTIFF ESTATE OF
15              Plaintiffs,                 )MARK VASQUEZ PAJAS, SR.'S
                                            )REQUEST FOR PRODUCTION OF
16  v.                                      )DOCUMENTS, SET ONE; AND
                                            )PRODUCTION OF DOCUMENTS BATES
17  COUNTY OF MONTEREY; SHERIFF STEVE       )STAMPED
    BERNAL, in his individual and official capacity; )CFMG 1147- CFMG 1241
18  KING CITY; KING CITY POLICE            )
    DEPARTMENT; CHIEF TONY SOLLECITO, in   )
19  his individual and official capacity; OFFICER )
    STEVE OROZCO, in his individual and official )
20  capacity; CALIFORNIA FORENSIC MEDICAL  )
    GROUP; CHRISTINA KAUPP; and DOES 1-20, )
21                                          )
                Defendants.                 )
22  _____)

23

24

25

26

27

28                                        1

1

2

<u>PROOF OF SERVICE</u>
[Fed . Rules Civ. Proc., rule 5]]

3    I am a citizen of the United States. My business address is 1033 Willow Street, San Jose, CA

4  95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18

5  years and not a party to the within cause.  I am readily familiar with my employer's normal business

6  practice for collection and processing of correspondence for mailing and facsimile. In the case of

7  mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S.

8  Postal Service the same day as the day of collection in the ordinary course of business.

9

10    On January 17, 2017, I served the **CERTIFICATE OF SERVICE RE: DEFENDANT**

11  **CALIFORNIA FORENSIC MEDICAL GROUP'S SUPPLEMENTAL RESPONSES TO**

12  **PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.'S REQUEST FOR PRODUCTION**

13  **OF DOCUMENTS, SET ONE; AND PRODUCTION OF DOCUMENTS BATES STAMPED**

14  **CFMG 1147- CFMG 1241**

15

16  on the PARTIES in said action as follows:

| | |
|---|---|
| Joshua Piovia-Scott, Esq.<br>Lori Rifkin, Esq.<br>Hadsell Stormer & Renick LLP<br>4300 Horton Street #15<br>Emeryville, CA 94608<br>(415) 685-3591<br>Fax: (626) 577-7079<br>jps@hadsellstormer.com<br>dstormer@hadsellstormer.com<br> lrifkin@hadsellstormer.com | Attorneys for Plaintiff |
| Dan Stormer, Esq.<br>Cindy Panuco, Esq.<br>HADSELL STORMER & RENICK LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, CA 91103<br>T: (626) 585-9600<br>F: (626) 577-7079<br>***Attorney for Plaintiffs*** | Attorneys for Plaintiff |

Case No. 5:16-cv-00945 LHK
CERTIFICATE OF SERVICE RE: DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE; AND PRODUCTION OF DOCUMENTS BATES STAMPED
CFMG 1147- CFMG 1241

| Charles J. McKee, Esq.<br>Michael R. Philippi, Esq.,<br>Office of the County Counsel<br>County of Monterey<br>168 West Alisal Street, 3rd Floor<br>Salinas, CA 93901-2680<br>831-755-5045<br>Fax: 831-755-5283<br>Email:philippimr@co.monterey.ca.us | Attorneys for Defendants COUNTY OF<br>MONTEREY and SHERIFF STEVE BERNAL |
|---|---|
| Vincent P. Hurley, Esq.<br>Ryan M. Thompson, Esq.<br>Law Office of Vincent P. Hurley<br>38 Seascape Village<br>Aptos, CA 95003<br>(831) 661-4800<br>Fax: (831) 661-4804<br>Email: vphurley@hurleylaw.com<br>     rthompson@hurleylaw.com<br>     Mbrenkwitz@hurleylaw.com  (Legal<br>Assistant) | Attorneys for Defendants KING CITY and<br>OFFICER STEVE OROZCO |

<u>XX</u>  (BY EMAIL) By emailing the parties a shared link (through Box: https://smtzg.box.com/s/e20cfvuz1utui44gljbpy8e8qwmidzul) to view and download the documents identified above - CFMG 1147 - CFMG 1241).

_____ (BY E-FILING WITH THE U.S. DISTRICT COURT) by submitting these documents for filing on that date, pursuant to Local Rule 5-4 and General Order, at the above named addresses.

__ (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

__ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

__ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

__ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at __ .m., by use of facsimile machine telephone number (408) 295-9900.  The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

_X_ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S SUPPLEMENTAL RESPONSES TO

3

Case No. 5:16-cv-00945 LHK
CERTIFICATE OF SERVICE RE: DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE; AND PRODUCTION OF DOCUMENTS BATES STAMPED
CFMG 1147- CFMG 1241

1   PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.;S PRODUCTION OF DOCUMENTS,
    SET ONE to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a
2   reasonable time after the transmission, any electronic message or other indication that the
    transmission was unsuccessful.

3
      _X_   (STATE) I declare under penalty of perjury under the laws of the State of California that the
4   above is true and correct.

5     _X_   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made.
6
      I declare under penalty of perjury under the laws of the United States of America and the State
7   of California that the above is true and correct.

8       Executed on January 17, 2017, at San Jose, California.

9

10  Annamarie Obey

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

David Sheuerman, SB No. 78132
Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A Professional Corporation
1033 Willow Street
San Jose, California 95125
Telephone (408) 288-9700
Facsimile (408) 295-9900
Emails: dsheuerman@smtlaw.com
amartini@smtlaw.com

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL
GROUP, INC.; CHRISTINA KAUPP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF MARK VASQUEZ PAJAS, SR., deceased, by and through ROSEMARY LOPEZ, as Administrator; ROSEMARY LOPEZ; YVETTE PAJAS; YVETTE PAJAS; MARK PAJAS, JR.; JANEL PAJAS; XAVIER PAJAS, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacity; KING CITY; KING CITY POLICE DEPARTMENT; CHIEF TONY SOLLECITO, in his individual and official capacity; OFFICER STEVE OROZCO, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP; CHRISTINA KAUPP; and DOES 1-20, <br><br> Defendants. | Case No.: 16-cv-00945 LHK <br><br> **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF ESTATE OF MARK VASQUEZ PAJAS, SR.'s REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:    Plaintiff, ESTATE OF MARK VASQUEZ PAJAS, SR.

RESPONDING PARTY:    Defendant CALIFORNIA FORENSIC MEDICAL GROUP

SET NUMBER:    One

**EXHIBIT**
**B**
tabbies

1

1         Defendant California Forensic Medical Group, Inc. ("CFMG") provides Second

2   Supplemental Responses to Plaintiff Estate of Mark Vasquez Pajas, Sr.'s Request for Production of

3   Documents, Set One, by stating as follows:

4   **PRELIMINARY STATEMENT**

5         1.      CFMG has not completed its investigation of the facts relating to this case, and has

6   not completed its discovery in this action.  Accordingly, all the responses contained herein are based

7   only upon such information and documents which are currently available and specifically known to

8   CFMG and disclose only those contentions which currently occur to CFMG.  It is anticipated that

9   further independent investigation, discovery, legal research and analysis will supply additional facts,

10  add meaning to the known facts, and establish entirely new factual conclusions and legal contentions,

11  all of which may lead to substantial additions to, changes in and variations from the contentions

12  herein set forth.

13        2.      The following responses are given without prejudice to CFMG's right to introduce

14  evidence of any subsequently discovered fact, witness or documents which CFMG becomes aware

15  of.  CFMG accordingly reserves the right to change any and all responses herein as additional facts

16  are ascertained, analyses are made, legal research is completed, and contentions are made.  The

17  answers and objections contained herein are made in a good faith effort to supply as much factual

18  information and as much specification of legal contentions as is presently known which should in no

19  way be the prejudice of CFMG in relation to future discovery, research or analysis.

20        3.      Defendant CFMG's investigation and development of all facts and circumstances

21  relating to this action is ongoing.  These responses and objections are made without prejudice to, and

22  are not a waiver of, CFMG's right to rely on other facts or documents at trial.

23        4.      By making the accompanying responses and these objections to Plaintiff ESTATE OF

24  MARK VASQUEZ PAJAS, SR.'s request for production, CFMG does not waive, and hereby

25  expressly reserves, its right to assert any and all objections as to the admissibility of such responses

26  into evidence in this action, or in any other proceedings, on any and all grounds including, but not

27  limited to, competency, relevancy, materiality, and privilege.  Further CFMG makes the responses

28  and objections herein without in any way implying that it considers the requests or responses thereto

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Second Supplemental Responses to Plaintiff Estate of Mark Vasquez
Pajas, Sr.'s Request for Production of Documents, Set One

1  to be relevant or materials to the subject matter of this action.

2      5.    CFMG will produce responsive documents only to the extent that such documents are
3  in the possession, custody, or control of CFMG, as set forth in the Federal Rules of Civil Procedure.
4  CFMG's possession, custody or control does not include any constructive possession that may be
5  conferred by CFMG's right or power to compel the production of documents from third parties or to
6  request their production from other entities.

7      6.    CFMG expressly reserves the right to supplement, clarify, revise, or correct any or all
8  of the responses and objections herein, and to assert additional objections or privileges, in one or
9  more subsequent supplemental response(s).

10      7.    CFMG will make available for inspection at CFMG's offices responsive documents
11  and things.  Alternatively, CFMG will produce copies of the documents.

12      8.    Publicly available documents including, but not limited to, newspaper clippings, court
13  papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

15      1.    CFMG objects to each instruction, definition, and document request to the extent that
16  it purports to impose any requirement or discovery obligation greater than or different from those
17  under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

18      2.    CFMG submits these responses and objections without conceding the relevancy or
19  materiality of the subject matter of any request or of any document, or that any responsive materials
20  exist.

21      3.    CFMG likewise does not waive the right to object, on any and all grounds, to (1) the
22  evidentiary use of documents produced in response to these requests; and (2) discovery requests
23  relation to those documents.

24      4.    The responses and objections contained herein are made on the basis of information
25  now known to CFMG and are made without waiving any further objections to or admitting the
26  relevancy or materiality of any of the information requested.  CFMG's investigation, discovery and
27  preparation for proceedings are continuing and all answers are given without prejudice to CFMG's
28  right to introduce or object to the discovery of any documents, facts or information discovered after

1   the date thereof.

2        5.     CFMG will provide its responses based on terms as they are commonly understood,

3   and consistent with the Federal Rules of Civil Procedure.  CFMG objects to and will refrain from

4   extending or modifying any words employed in the requests to comport with expanded definitions or

5   instructions.

6        6.     CFMG objects to each document request that is overly broad, unduly burdensome, or

7   not reasonably calculated to lead to the discovery of admissible evidence.

8        7.     CFMG objects to each definition, instruction, and document request, to the extent that

9   it seeks documents protected from disclosure by the attorney-client privilege, deliberative process

10   privilege, the attorney work product doctrine, or any other applicable privilege.  Should any such

11   disclosure by CFMG occur, it is inadvertent and shall not constitute a waiver of any privilege.

12        8.     To the extent any of Plaintiff ESTATE OF MARK VASQUEZ PAJAS, SR.

13   document requests seek documents that include expert material, CFMG objects to any such requests

14   as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all

15   responses to such requests, and to assert additional objections or privileges, in one or more

16   subsequent supplemental response(s) in accordance with the time period for exchanging expert

17   reports as determined by the Court.  CFMG incorporates by reference every general objection set

18   forth above into each specific response set forth below.  A specific response may repeat a general

19   objection for emphasis or some other reason.  The failure to include any general objection in any

20   specific response does not waive any general objection to that request.  Moreover, CFMG does not

21   waive its right to amend its response.

22

23

24

25

26

27

28   /////

4

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Second Supplemental Responses to Plaintiff Estate of Mark Vasquez
Pajas, Sr.'s Request for Production of Documents, Set One

1  **REQUEST FOR PRODUCTION NO. 23:**

2       Any and all DOCUMENTS RELATED TO any quality assurance, quality assessment, or

3  quality improvement, and/or analysis of policies, procedures, and practices conducted in connection

4  with the death of PAJAS.

5  **SUPPLEMENTAL RESPONSE:**

6       CFMG objects to this request on the grounds that this request is overbroad, oppressive and

7  unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

8  protected by the attorney-client privilege.  Subject to and without waiving these objections, CFMG

9  responds as follows: In addition to the documents previously produced, Responding Party produces

10  the redacted minutes of the Quality Assurance/Peer Review Committee Meeting, Monterey County

11  Jail & Juvenile Hall Medical Services dated 3-19-2015 and 6-18-2015 (CFMG 1242 - CFMG 1245).

12

13  **REQUEST FOR PRODUCTION NO. 25:**

14       Any and all DOCUMENTS RELATING TO any investigation, whether formal or informal,

15  undertaken by CFMG RELATING TO the treatment and/or death of PAJAS.

16  **RESPONSE:**

17       CFMG objects to this request on the grounds that this request is overbroad, oppressive and

18  unduly burdensome, calls for a legal and/or expert opinion and seeks information that may be

19  protected by the attorney-client privilege.  Subject to and without waiving these objections, CFMG

20  responds as follows: In addition to the documents previously produced, Responding Party produces

21  the redacted minutes of the Quality Assurance/Peer Review Committee Meeting, Monterey County

22  Jail & Juvenile Hall Medical Services dated 3-19-2015 and 6-18-2015 (CFMG 1242 - CFMG 1245).

23  Dated: January 19, 2017           SHEUERMAN, MARTINI, TABARI,
                                  ZENERE & GARVIN

24

25                       By:_____

26                           Alan L. Martini
                         Attorneys for Defendants

27                           CALIFORNIA FORENSIC MEDICAL
                         GROUP, INC. and CHRISTINA KAUPP

28

Case No. 5:16-cv-00945 LHK
Defendant California Forensic Medical Group's Second Supplemental Responses to Plaintiff Estate of Mark Vasquez
Pajas, Sr.'s Request for Production of Documents, Set One

1 | David Sheuerman, SB. No. 78132
Alan L. Martini, SB No. 77316
2 | SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A Professional Corporation
3 | 1033 Willow Street
San Jose, California 95125
4 | Telephone (408) 288-9700
Facsimile (408) 295-9900
5 | Emails: dsheuerman@smtlaw.com
amartini@smtlaw.com
6
Attorneys for Defendants
7 | CALIFORNIA FORENSIC MEDICAL
GROUP, INC.; CHRISTINA KAUPP
8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | SAN JOSE DIVISION

| | |
|---|---|
| 12 ESTATE OF MARK VASQUEZ PAJAS, SR., deceased, by and through ROSEMARY LOPEZ, as 13 Administrator; ROSEMARY LOPEZ; YVETTE PAJAS; YVETTE PAJAS; MARK PAJAS, JR.; 14 JANEL PAJAS; XAVIER PAJAS, <br><br> 15       Plaintiffs, <br><br> 16 v. <br><br> 17 COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacity; 18 KING CITY; KING CITY POLICE DEPARTMENT; CHIEF TONY SOLLECITO, in 19 his individual and official capacity; OFFICER STEVE OROZCO, in his individual and official 20 capacity; CALIFORNIA FORENSIC MEDICAL GROUP; CHRISTINA KAUPP; and DOES 1-20, <br><br> 21 <br> 22       Defendants. | ) Case No.: 16-cv-00945 LHK <br> ) <br> )**CERTIFICATE OF SERVICE RE:** <br> )**DEFENDANT CALIFORNIA FORENSIC** <br> )**MEDICAL GROUP'S SECOND** <br> )**SUPPLEMENTAL RESPONSES TO** <br> )**PLAINTIFF ESTATE OF MARK** <br> )**VASQUEZ PAJAS, SR.'S REQUEST FOR** <br> )**PRODUCTION OF DOCUMENTS, SET** <br> )**ONE; AND PRODUCTION OF** <br> )**DOCUMENTS BATES STAMPED** <br> )**CFMG 1242- CFMG 1245** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

23

24

25

26

27

28

1

1

2

## PROOF OF SERVICE
[Fed . Rules Civ. Proc., rule 5]]

3      I am a citizen of the United States. My business address is 1033 Willow Street, San Jose, CA

4   95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18

5   years and not a party to the within cause.  I am readily familiar with my employer's normal business

6   practice for collection and processing of correspondence for mailing and facsimile. In the case of

7   mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S.

8   Postal Service the same day as the day of collection in the ordinary course of business.

9

10      On January 19, 2017, I served  **DEFENDANT CALIFORNIA FORENSIC MEDICAL**

**GROUP'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF ESTATE OF MARK**

11   **VASQUEZ PAJAS, SR.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

12   on the PARTIES in said action as follows:

| | |
|---|---|
| Joshua Piovia-Scott, Esq.<br>Lori Rifkin, Esq.<br>Hadsell Stormer & Renick LLP<br>4300 Horton Street #15<br>Emeryville, CA 94608<br>(415) 685-3591<br>Fax: (626) 577-7079<br>jps@hadsellstormer.com<br>dstormer@hadsellstormer.com<br>lrifkin@hadsellstormer.com<br>cpanuco@hadsellstormer.com | Attorneys for Plaintiff |
| Dan Stormer, Esq.<br>Cindy Panuco, Esq.<br>HADSELL STORMER & RENICK LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, CA 91103<br>T: (626) 585-9600<br>F: (626) 577-7079<br>***Attorney for Plaintiffs*** | Attorneys for Plaintiff |

25

26

27

28

2

| | |
|---|---|
| Charles J. McKee, Esq.<br>Michael R. Philippi, Esq.,<br>Office of the County Counsel<br>County of Monterey<br>168 West Alisal Street, 3rd Floor<br>Salinas, CA 93901-2680<br>831-755-5045<br>Fax: 831-755-5283<br>Email:philippimr@co.monterey.ca.us | Attorneys for Defendants COUNTY OF<br>MONTEREY and SHERIFF STEVE BERNAL |
| Vincent P. Hurley, Esq.<br>Ryan M. Thompson, Esq.<br>Law Office of Vincent P. Hurley<br>38 Seascape Village<br>Aptos, CA 95003<br>(831) 661-4800<br>Fax: (831) 661-4804<br>Email: vphurley@hurleylaw.com<br>          rthompson@hurleylaw.com<br>          Mbrenkwitz@hurleylaw.com  (Legal<br>Assistant) | Attorneys for Defendants KING CITY and<br>OFFICER STEVE OROZCO |

\_\_\_\_\_ (BY E-FILING WITH THE U.S. DISTRICT COURT) by submitting these documents for filing on that date, pursuant to Local Rule 5-4 and General Order, at the above named addresses.

\_\_ (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

\_\_ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

\_\_ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

\_\_ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at \_\_ .m., by use of facsimile machine telephone number (408) 295-9900.  The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

3

1

2    _X_ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the above document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

3

4

   _X_ (STATE) I declare under penalty of perjury under the laws of the State of California that the

5 above is true and correct.

6    _X_ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

7

     I declare under penalty of perjury under the laws of the United States of America and the State

8 of California that the above is true and correct.

9      Executed on January 19, 2017, at San Jose, California.

10

11                 Annamarie Obey

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

### SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

**ALAN L. MARTINI**
(408) 918-3703

amartini@smtlaw.com

1033 WILLOW STREET
SAN JOSE, CALIFORNIA 95125

Area Code: 408
Telephone: 288-9700
Facsimile: 295-9900

January 19, 2017

*Via Email and U.S. Mail*
*cpanuco@hadsellstormer.com*
Cindy Panuco
HADSELL STORMER RENICK LLP
128 North Fair Oaks Avenue
Pasadena, CA 91103

   **Re:** *Estate of Mark Vasquez Pajas, Sr., et al. v. County of Monterey, et al.*
     *Case No.: 16-cv-0945-LHK*

Dear Ms. Panuco:

  I am responding to your December 28, 2016, letter regarding the outstanding discovery responses in the above-entitled matter. To begin with, although my client has now fully responded to the requests for production, and we have produced 1245 pages of documents, I apologize for the delay. As you know, my firm is new in handling these cases on behalf of CFMG and part of the delay was attributed to my own learning curve and "getting up to speed" on the issues presented by these cases. Providing responses required me to come up to speed on many of the discovery issues, including the discoverability of personnel files, quality assurance materials, other complaints and other incidents and the other issues unique to this type of civil rights litigation. My efforts to comply were also complicated by the fact that one of the major personnel responsible for maintaining many of the records requested had surgery and was in the hospital and continues to be unavailable to assist. That said, and reiterating my apologizes, I will respond to your letter.

  **Request Nos. 1-13, 19, 20, 41, 42, 43, 47, 49:**  CFMG has now fully responded to these requests to the best of its ability. The Supplemental Response so states.

  **Request Nos. 14, 16, 17, 18, 21-34, 38, 39, 48:**  With regard to these requests, CFMG has also responded in full with the exception of **Nos. 28, 38** and **39.** It is my understanding that there were reports produced in the connection with the *Hernandez* case that may be responsive to No. 28. I am attempting to determine whether or not these reports were confidential or privileged and whether it is okay to provide these reports to you. Incidentally, since your firm was involved in the *Hernandez* case, you already have these reports.

  With regard to **Nos. 38** and **39**, the requests are too broad insofar as they request information relating to "deaths of inmates at California jails at which CFMG provided health



ATTORNEYS AT LAW

# Sheuerman, Martini, Tabari,
## Zenere & Garvin
### A PROFESSIONAL CORPORATION

Cindy Panuco
January 19, 2017
Page 2

care services." These requests are overbroad.  CFMG would agree to respond to the request Nos. 38 and 39 if they are restricted to documents related to deaths of inmates who were experiencing opiate withdrawal and/or detoxification at California jails from January 1, 2010 through January 19, 2015.

Privilege Claims and Withheld Documents:  CFMG is not claiming privilege with regard to **Request No. 15.**  With regard to **Request Nos. 35, 36** and **37,** the only privileged/confidential information would be the identifying characteristics of the individual inmates.  However, since there are no responsive documents, the issue is moot.

With regard to **Request No. 15,** CFMG has provided you its contract with the County of Monterey.  However, its contracts with other counties and entities, in addition to not being relevant to this lawsuit, constitute confidential, proprietary documents relating to CFMG's business, not at all related to its provision of medical services at the Monterey County Jail.

With regard to **Request Nos. 39** and **40,** as indicated previously CFMG will agree to respond if you agree to narrow the requests as discussed above.

With regard to **Request Nos. 45** and **46,** as I indicated, we have redacted personal, financial and health related information from nurse Kaupp's personnel file, which was otherwise produced to you.

ESI:  As indicated in the responses, CFMG, and its employees, including Christina Kaupp, have performed a reasonable search of their computer systems in order to determine if there are any responsive documents.  Although you and I did discuss discovery of ESI on December 16, 2016, as you indicate, we did not discuss the search terms you now list as terms (a) - (t).  Although my clients did search for the requested information on the relevant computers, they did not do so by all of the terms you suggested for the first time in your December 28, 2016, letter.

With regard to 30(b)(6) witnesses, CFMG will be designating its general counsel, Ben Rice, as its representative witness.  Please let me know when you want to take his deposition.

ATTORNEYS AT LAW

# SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
### A PROFESSIONAL CORPORATION

Cindy Panuco
January 19, 2017
Page 3


Also, when do you want to reset the deposition for nurse Kaupp and nurse Russum? They are available in February.


Very truly yours,

ALAN L. MARTINI

ALM:ao

**Subject:** Pajas v. County of Monterey
**From:** Anna Obey <aobey@smtlaw.com>
**Date:** 1/19/2017 3:21 PM
**To:** cpanuco@hadsellstormer.com
**CC:** al Martini <amartini@smtlaw.com>

Attached to this email is Mr. Martini's correspondence of today's date in response to your December 28, 2016.

Kind regards,
—
Anna Obey
Legal Assistant to Alan L. Martini
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN, A Professional Corporation.
1033 Willow Street
San Jose, Ca 95125
(408) 918-3708
www.smtlaw.com

CONFIDENTIALITY NOTICE: Sheuerman, Martini, Tabari, Zenere & Garvin, A Professional Corporation does not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in that format. The contents contained in this e-mail transmission contain information from the law offices of Sheuerman, Martini & Tabari which is confidential or privileged. The information is intended to be for the use of the individual or entity named in this e-mail. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is STRICTLY PROHIBITED. If you have the received this e-mail in error, please notify us by telephone immediately (408) 288-9700 or by e-mail, and destroy the original transmission and any attachments without reading or saving it in any manner. Thank you.

— Attachments: —————————————————————————————————————————————

Panucoletter.pdf                                                                                                     147 KB