UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARK VASQUEZ PAJAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No.16-cv-00945-BLF (SVK)<br><br>**ORDER ON PLAINTIFFS' MOTION FOR REASONABLE EXPENSES AND SANCTIONS AGAINST DEFENDANT CFMG**<br><br>Re: Dkt. No. 118 |

Plaintiffs move for an order granting monetary sanctions against Defendant CFMG. ECF 118. Defendant CFMG filed an opposition, and Plaintiffs filed a reply. ECF 123, 127. Defendant CFMG also filed a motion to strike evidence submitted with Plaintiffs' reply. ECF 128. Both motions are deemed suitable for determination without oral argument. Based on the moving and responding papers, the Court grants the motion for sanctions for the reasons and in the amount set forth below.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Rosemary Lopez, individually and as Administrator of the Estate of Mark Vasquez Pajas, Sr.; Yvette Pajas; Mark Pajas, Jr.; Janel Pajas; and Xavier Pajas (collectively, "Plaintiffs"), successors in interest to Mark Vasquez Pajas, Sr. ("Decedent"), allege that Defendants County of Monterey, Steve Bernal, King City, King City Police Department, Tony Sollecito, Steve Orozco, California Forensic Medical Group ("CFMG"), and Christina Kaupp are liable under federal and state law for the death of Decedent.

Plaintiffs bring this action as successors in interest to Decedent Mark Vasquez Pajas, Sr. Compl., ECF No. 1, ¶¶ 9-14. Plaintiff Rosemary Lopez is Decedent's wife and the Administrator of Decedent's Estate. *Id.* ¶¶ 9-10. Plaintiffs Yvette Pajas and Janel Pajas are Decedent's

daughters. *Id*. ¶¶ 11, 13. Plaintiffs Mark Pajas, Jr. and Xavier Pajas are Decedent's sons. *Id*. ¶¶ 12, 14.

Defendant County of Monterey is a public entity organized and existing under the laws of the State of California. *Id*. ¶ 15. The County contracts with Defendant CFMG to provide medical, mental health, and dental services for the Monterey County Jail. *Id*. ¶ 20. Defendant CFMG is a California corporation headquartered in Monterey, California. *Id*.

Plaintiffs initiated this action in February 2016. On June 23, 2016, the Court issued a case management order setting the close of fact discovery for March 3, 2017. ECF 55 at 2. The parties stipulated to and the Court ordered procedures to govern discovery of electronically stored information ("ESI") on August 29, 2016. ECF 61, 67. On January 13, 2017, the Court granted the parties' stipulation to amend the case schedule, moving the close of fact discovery to March 31, 2017. ECF 83. The Court emphasized that no further extensions would be granted. ECF 83 at 2.

Plaintiffs served their First Requests for Production of Documents ("RFPs") on CFMG on November 11, 2016, noticed a 30(b)(6) deposition on December 7, 2016, and proposed ESI terms and custodians to CFMG on December 8, 2016. On December 14, 2016, the day CFMG's responses to Plaintiffs' first set of RFPs were due, CFMG requested and Plaintiffs granted a one week extension. On December 21, 2016, CFMG served responses to Plaintiffs' RFPs, consisting almost entirely of objections to the requests. CFMG indicated it would produce some responsive documents shortly thereafter. CFMG subsequently produced policy and procedure documents and its contract with Monterey County Jail.

On January 6, 2017, Plaintiffs provided notice to CFMG that Plaintiffs intended to file a joint statement outlining discovery disputes pursuant to then-presiding Magistrate Judge Cousins's standing order. Plaintiffs provided their portion of the letter to CFMG on January 10, 2017, informing CFMG that they intended to file the letter on January 13, 2017. CFMG did not provide its portion of the letter, and Plaintiffs filed their letter on January 13, 2017. ECF 84.

Once the matter was reassigned to the undersigned, the Court requested a response from CFMG by January 27, 2017. On January 16, 2017, CFMG supplemented its document production to Plaintiffs. ECF 118 at 9. CFMG filed its statement informing the Court of its supplemental

2

production and the status of the conflict on January 27, 2017. ECF 90. Together the parties' submissions are the briefing on the motion to compel which gives rise to Plaintiffs' request for sanctions.[1]

The parties' numerous disputes and disagreements arose out of the scope of the requests for production. An exemplar request[2] is RFP No. 36 which sought documents related to *"any death(s) of inmates who were experiencing opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at California jails at which CFMG provided health care services."* ECF 90 at 8. The parties' disputes coalesced around three issues: 1) the number of jails serviced by CFMG that were covered by the requests; 2) the scope of inmate deaths covered by the requests; and 3) production of ESI. As to the second category, the scope of inmate deaths, this issue further divided into two sub-issues: a) the types of withdrawal that were covered by the requests; and b) whether the types of withdrawal were *experienced* by inmates at the time of death versus whether the types of withdrawal were an actual *cause of* death.

The Court held the first hearing on Plaintiffs' motion to compel on January 31, 2017.

### a. January 31 Hearing and Order

At the January 31, 2017 hearing, the parties informed the Court that they had met and conferred further and resolved most of the issues raised in Plaintiffs' January 13 submission. Plaintiffs requested that the Court impose deadlines for CFMG to provide further written responses, a supplemental production of documents, and ESI searches.

The Court agreed with Plaintiffs' approach and issued a minute entry order, setting deadlines as follows:

- CFMG to produce any additional responsive documents to outstanding RFPs that the parties addressed in the submitted papers or during meet and confer efforts by February 3, 2017;

---

[1] It is common in this District to submit a joint letter to raise discovery issues in lieu of formal briefing. *See generally* Civil Standing Order of Magistrate Judge Cousins; Civil Scheduling and Discovery Standing Order of Magistrate Judge Susan van Keulen.
[2] The architecture of RFP No. 36 was repeated in request numbers 15, 35-39, and the arguments and resolutions were applied to these requests collectively.

3

- CFMG to provide supplemental responses to Plaintiffs' RFPs as necessary by February 3, 2017; and
- CFMG to identify custodians and search terms used for its ESI searches by February 3, 2017. ECF 91.

In light of the impending discovery cutoff of March 31, 2017, the Court set the next discovery hearing for February 7, 2017, to ensure compliance with the deadlines set forth in the order.

### b. February 7 Hearing and Order

At the February 7, 2017 hearing, Plaintiffs reported that CFMG had failed to comply with the above-referenced deadlines. Plaintiffs argued that CFMG should have at least produced documents from publicly reported deaths that occurred at jails serviced by CFMG, which Plaintiffs asserted fell within the scope of RFP No. 36. CFMG argued that it understood the parties' agreement to limit CFMG's production to only those documents related to inmates suffering from *opiate* detoxification and/or withdrawal rather than *opiate, alcohol, and/or benzodiazepine* withdrawal and/or detoxification. Based upon this limitation, CFMG argued it did not have any additional responsive documents. The parties also reached an impasse regarding the scope of ESI search terms and custodians.

The Court found no basis for CFMG's limited view of the requests and ordered:

- The scope of CFMG's document search and production to include inmates who experienced opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at the time of death;
- CFMG to supplement its document production by February 10, 2017;
- With regards to ESI, specific custodians and search terms to be used to search on the CFMG server and in personal emails by February 10, 2017; and
- CFMG to provide a declaration of the employee or independent contractor with knowledge of CFMG's computer system who executes the ESI search. ECF 96.

The Court set the next discovery hearing for February 14, 2017, to ensure resolution of any outstanding discovery issues in light of the March 31, 2017 fact discovery cutoff.

4

### c. February 14 Hearing and Order

At the February 14, 2017 hearing, Plaintiffs reported that CFMG had not produced any additional documents, ESI, or the declaration regarding ESI as ordered by the Court. Plaintiffs again argued that CFMG's search must be incomplete because of the four publicly reported deaths that occurred at jails serviced by CFMG, which Plaintiffs asserted fell within the scope of the RFPs.

CFMG argued that it did not possess additional responsive documents because its investigation had not reveal any deaths within the requested category, despite the publicly reported deaths. Specifically as to ESI, CFMG posited that a third party consultant hired to perform the ESI search still needed more time, notwithstanding the Court's order. CFMG also failed to provide the requisite ESI declaration. Although CFMG stated that it had provided Plaintiffs with individual declarations of some of the CFMG custodians who had searched the ESI terms on their personal devices, CFMG did not submit those declarations to the Court. The Court noted that even crediting CFMG's description of the individual declarations, they did not satisfy the broader objectives of the declaration ordered by the Court. At the end of the hearing (the third proceeding regarding CFMG's document production efforts), the Court invited Plaintiffs to file a motion for sanctions.

The Court issued a written order requiring:

- CFMG to confirm compliance with the February 7 order by February 17, 2017, with specific instructions to CFMG's third party ESI vendor and its General Counsel, Benjamin Rice;
- Mr. Rice to appear at the next hearing, set for February 16, 2017; and
- An express warning that should CFMG continue to fail to comply with the Court's orders, "monetary sanctions would be imposed *sua sponte* and/or by Plaintiffs' motion." ECF 103 at 2.

### d. February 16 Hearing and Order

CFMG's General Counsel, Benjamin Rice, attended the hearing, as ordered by the Court. CFMG also provided the Court with the declarations of Mr. Rice and Les Rowe, a manager at

5

CFMG's third party ESI vendor. For the record, the Court recited the history of the discovery requests and motion to compel that gave rise to the prior and present hearings, noting that the original document requests had then been outstanding for over three months. In response, Mr. Rice offered a detailed explanation of how and where CFMG maintains records of inmates' medical conditions and deaths. For the first time, CFMG explained that it keeps all records in physical, written form at each prison it serves throughout twenty-eight counties in the state of California.

Against this back drop of newly provided information, Plaintiffs argued that Mr. Rice's declaration did not comply with the Court's order because it indicated that CFMG only investigated deaths *caused by* withdrawal and/or detoxification rather than deaths of inmates who were *experiencing* withdrawal and/or detoxification at the time of death. Plaintiffs requested a 30(b)(6) deposition for the subject of the document requests: inmates *experiencing* opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification at the time of death.[3] Regarding ESI issues, Plaintiffs asserted that Mr. Rowe's declaration did not comply with the Court's order because it did not explain CFMG's computer systems. Plaintiffs also cited evidence that one custodian likely used his personal email account for work-related correspondence and argued that the personal account should be searched. Plaintiffs renewed a request for a 30(b)(6) deposition of a person knowledgeable about CFMG's computer systems.

In light of CFMG's explanation regarding its retention of documents and Plaintiffs further arguments, the Court directed CFMG to produce specific documents, focusing the scope of the requests on 1) inmate deaths *at Monterey County Jail* where the inmate was *experiencing* opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification and 2) the publicly reported deaths referenced by Plaintiffs. The Court also ordered:

- Mr. Rice to provide a declaration clarifying that his inquiry into the existence of documents included deaths of inmates *experiencing* the specified types of

---

[3] At the hearing, Plaintiffs' counsel explained that the current 30(b)(6) notice covered topics about the protocols for detoxification and withdrawal generally, but did not cover deaths that had actually occurred.

6

withdrawal and/or detoxification at the time of death;
- Mr. Rowe to provide a declaration in narrative form, explaining CFMG's computer systems;
- A search of the identified custodian's personal email for relevant documents; and
- An additional 30(b)(6) deposition topic for deaths at Monterey County Jail where the inmates were experiencing withdrawal, to the extent that topic was not already covered by the existing 30(b)(6) notice.

The Court reserved ruling on Plaintiffs' request for sanctions and its own *sua sponte* imposition of sanctions and put CFMG on notice that the Court was considering appropriate remedies for the long and unnecessary delay in production against the March 31 deadline. The Court set a conference call for February 22, 2017, and ordered Mr. Rice to participate in the call.

### e. Further Status Calls

To ensure CFMG's compliance with the Court's orders, the Court held two status calls on February 22 and February 27, 2017. During these calls the parties discussed the status of production and outstanding disputes. After the February 27, 2017 call, the Court issued an order requiring the parties to continue to meet and confer to resolve ongoing disputes that in the Court's view should not require judicial intervention. The Court also reiterated its order for CFMG to produce an additional 30(b)(6) witness.

### f. Plaintiffs' Motion for Sanctions

Plaintiffs filed their motion for sanctions on March 10, 2017, as invited by the Court at the February 14, 2017 hearing. ECF 118. In support of their motion, Plaintiffs cite the Court's orders and CFMG's failures to comply with those orders, as set forth above. CFMG filed its opposition and its motion to strike evidence submitted with Plaintiffs' reply. ECF 123, 124. CFMG argues that it was substantially justified in objecting to Plaintiffs' document requests and their proposed ESI search terms because the scope of both was ultimately narrowed by the Court. CFMG also argues that CFMG substantially complied with the Court's orders and therefore sanctions are not warranted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 34 provides that a party must serve responses and objections to requests for production within thirty days of service of the discovery. Fed. R. Civ. P. 34(b)(2). Pursuant to Rule 37, a party may move for an order compelling responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). If the motion is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Rule 37 also authorizes various sanctions, including attorneys' fees, for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A), (C). Under Rule 37(b)(2)(C), where a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The primary purpose of sanctions is to deter subsequent abuses. *Matter of Yagman*, 796 F.2d 1165, 1182 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986). "Overall, sanctions imposed under Rule 37 should deter the [disobedient party's] conduct, and remedy any prejudice it caused the [obedient party]." *S. Cal. Stroke Rehab. Assocs. v. Nautilus*, No. 09cv744 JLS (AJB), 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010) (citing *Pioneer Drive, LLC. v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009)); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643 (1976) (sanctions are available for a court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

## III. DISCUSSION

### a. Sanctions Against CFMG Are Warranted for Its Delay in Production and Failure to Comply with Court Orders.

As demonstrated by the facts set forth above, without Plaintiffs' efforts to compel production and strict oversight by this Court, CFMG would not have satisfied its obligations under Rule 34. Plaintiffs' complaints regarding CFMG's efforts—or lack thereof—fall into three categories: 1) the number of jails covered by the requests; 2) the scope of inmate deaths, both as

to the type of withdrawal and/or detoxification suffered and as to whether the withdrawal and/or detoxification was the cause of death; and 3) the custodians and search terms used in producing ESI.

First, CFMG did initially object to the number of jails covered by Plaintiffs' RFPs on the basis of privacy concerns of inmates and relevancy. However, after meet and confer efforts, CFMG agreed to a broad geographic scope of production: *all California jails* at which CFMG provided health care services. It was not until the *fourth* hearing, however, with CFMG's General Counsel present, that CFMG finally provided an accurate description of how CFMG actually maintains vast amounts of documents in paper form at numerous facilities across twenty-eight counties in California. CFMG should have explained the state of its records to Plaintiffs at their initial meet and confer in December, or at least it should have been able to explain it to the Court at one of the three prior hearings. CFMG's failure to do so is indicative of a failure to engage in discovery in good faith and is not substantially justified.

Second, CFMG initially agreed to a broad subject matter scope: those inmates *experiencing* withdrawal and/or detoxification from specified substances. CFMG then unilaterally limited its production not once, but twice. First, CFMG searched only for records of those inmates suffering from opiate withdrawal and/or detoxification, rather than opiate, alcohol, and/or benzodiazepine withdrawal and/or detoxification. After the Court corrected CFMG's error, CFMG again limited its search to records of inmates where withdrawal and/or detoxification was the *cause of* death, rather than producing records of inmates *experiencing* withdrawal and/or detoxification from opiates, alcohol, and/or benzodiazepine at the time of death. The Court found no good faith basis for CFMG's limitations and ordered production of the subject matter as described in RFP No. 36. CFMG's failure to comply with the Court's orders unnecessarily delayed discovery and was in no way substantially justified.

Third, regarding ESI production, the Court expressly ordered CFMG to use a specific list of custodians and search terms both at the February 7 hearing and in the February 7 order. *See* ECF 96 at 2. A string of excuses followed from CFMG as to why it did not follow the Court's clear instructions in a timely manner, including passing blame to its third party vendor and alleged

technical difficulties in opening the files provided by its vendor. Multiple hearings and status calls were necessary to confirm compliance all against a backdrop of a March 31, 2017 deadline, which the Court expressly stated would not be further extended.

Given the number of cases where CFMG is a defendant in the same posture as this case, its excuses for lack of timely and complete production were not credible. Based on the number of hearings, missed deadlines, and the need for the General Counsel's involvement, it is clear that without court intervention, CFMG would not have made a meaningful production.

The Court concludes that sanctions are warranted for CFMG's failure to produce documents within thirty days as Rule 34 requires and its failure to comply with some portion of each of the Court's orders. Most obviously, the Court granted Plaintiffs motion in part in its February 7, 2017 order. The order specified the scope of the document requests, a date certain for production, ESI custodians and search terms for CFMG to use with a date certain for production, and required CFMG to submit a declaration from an employee or independent contractor with knowledge of CFMG's computer systems. CFMG did not comply with any of these deadlines. CFMG only produced documents in compliance with the Court's order after two more hearings, two more orders, and two status calls. The Court finds that CFMG's delay in production and failure to comply with ESI requests was not substantially justified and therefore sanctions are warranted.

### b. The Amount of Sanctions

Plaintiffs seek an award of $45,225.32, representing attorneys' fees incurred as a result of CFMG's discovery misconduct. Plaintiffs submitted evidence of the attorneys' fees requested in the form of billing records. ECF 118-1.

Plaintiffs seek attorneys' fees incurred in connection with: 1) meeting and conferring regarding CFMG's deficient discovery responses; 2) preparing Plaintiffs' January 13, 2017 motion to compel and attendance at subsequent hearings; and 3) preparing the present motion for sanctions. The Court has carefully reviewed Plaintiffs' billing records. The Court disallows time spent meeting and conferring prior to the January 13 motion. Plaintiffs were required to meet and confer prior to filing their motion to compel pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule

37-1(a). As to the preparation of the motion to compel and the motion for sanctions and attendance of hearings, Plaintiffs seek compensation for a total of 64.9 hours billed at rates reasonable for the Northern District of California. Over eleven of those hours, however, are billed for travel to and from court. Furthermore, neither the motion to compel nor the motion for sanctions is particularly complex; the legal arguments are simple; and no substantive legal issues are raised in the motions as CFMG had simply failed to respond to discovery.

Reduced to its essentials, the sanctionable behavior in this case amounts to either unwillingness or inability to identify and produce available documents, requiring extensive court intervention. To be sure, this behavior is unacceptable. However, the conduct did not result in significant prejudice to Plaintiffs other than to force them to expend more resources than warranted to obtain basic discovery. In light of these facts and the primary purpose of sanctions to deter future misconduct, the Court awards Plaintiffs $5,000 in fees for all work conducted on the motion to compel and the motion for sanctions.

## IV. CFMG'S EVIDENTIARY OBJECTION TO PLAINTIFFS' REPLY DECLARATIONS AND MOTION TO STRIKE

Plaintiffs submitted a supplemental declaration with their reply that attached two new exhibits: Exhibits 15 and 16. ECF 127-1, 127-2. Exhibit 15 is Mr. Rice's second declaration submitted pursuant to the Court's February 17 order. Exhibit 16 is a slideshow presentation from Dr. Fithian, a CFMG medical provider, which Plaintiffs assert undermines the credibility of Mr. Rice's declaration. *See* ECF 127 at 6-7, 127-2.

"It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co*., 183 F.R.D. 672, 682 (S.D. Cal.1999) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) ("We agree with the Seventh Circuit, which held that '[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'")); *see also Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 309 n. 5 (N.D. Cal. 2005). Plaintiffs raised the issue of whether CFMG complied with the Court's orders, including whether Mr. Rice's second declaration complied with the Court's February 7 and February 17 orders, in its

11

original motion. *See* ECF 118 at 11.  Plaintiffs, however, did not raise issues with the credibility of Mr. Rice's declaration in their original motion.  Therefore, the Court will strike Exhibit 16.

## V. CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiffs' motion for sanctions against CFMG and awards attorneys' fees in the amount of $5,000.  CFMG's motion to strike is granted in part and Exhibit 16 submitted with Plaintiffs' reply is stricken.

**SO ORDERED.**

Dated: 4/20/2017

*[Signature]*

SUSAN VAN KEULEN
United States Magistrate Judge