Alan L. Martini, SB No. 77316
Marc G. Cowden, SB No. 169391
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A Professional Corporation
1033 Willow Street
San Jose, California 95125
Telephone (408) 288-9700
Facsimile (408) 295-9900
Email: amartini@smtlaw.com
mcowden@smtlaw.com

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL
GROUP, INC.; CHRISTINA KAUPP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF MARK VASQUEZ PAJAS, SR., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY et al.,<br><br>　　　　　　　Defendants. | Case No.: 16-cv-00945 BLF<br><br>**STIPULATED PROTECTIVE ORDER RE FINANCIAL DOCUMENTS OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC. AND CHRISTINA KAUPP**<br><br>Trial Date:　　January 25, 2019 |

1. PURPOSES AND LIMITATIONS

"CONFIDENTIAL" financial information of California Forensic Medical Group, Inc. and Christina Kaupp is being produced to plaintiffs' counsel in this action. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order regarding this "CONFIDENTIAL" financial information.

2. DEFINITIONS

　　2.1　Counsel (without qualifier): outside Counsel of Record and House Counsel (as well as their support staff).

　　2.2　Designating Party: a Party that designates the Protected Material at issue in this

Stipulated Protective Order as "CONFIDENTIAL".

2.3 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.4 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.5 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.6 <u>Party</u>: any party to this action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs).

2.7 <u>Producing Party</u>: California Forensic Medical Group, Inc. and Christina Kaupp.

2.8 <u>Protected Material</u>: The financial information being produced by California Forensic Medical Group, Inc. and Christina Kaupp during the trial of this action (regardless of how it is generated, stored or maintained) designated as "CONFIDENTIAL".

2.9 <u>Receiving Party</u>: a Party that receives the confidential financial information being produced by California Forensic Medical Group, Inc. and Christina Kaupp.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1    Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

    5.2    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

    6.1 Basic principles. A Receiving Party may use the Protected Material covered by this Stipulated Protective Order in connection with the trial of this case only. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    6.2    Before any potential punitive damages phase in the trial of this case, Protected Material can only be viewed by counsel of record for Receiving Party, and the content of the Protected Material can only be discussed by and between counsel of record for Receiving Party. No copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material can be made by counsel of record for Receiving Party before a determination has been made that there will be a punitive damages phase in the trial of this case. If there is no punitive damages phase in the trial of this case, Receiving Party must immediately return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned

3
Case No. 5:16-cv-00945 BLF - STIPULATED PROTECTIVE ORDER RE FINANCIAL DOCUMENTS OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC. AND CHRISTINA KAUPP

or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not made or retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

6.3  If there is a punitive damages phase in the trial of this case, Receiving Party may use the Protected Material in connection with and during that phase of the trial only, and for no other purpose. Receiving Party may not provide any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material to any person or entity other than the court for use in the punitive damages phase of the trial. After the litigation has been terminated, Receiving Party must comply with the provisions of section 11 (FINAL DISPOSITION).

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Matter that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of

seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

10. <u>MISCELLANEOUS</u>

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

11.    <u>FINAL DISPOSITION</u>

Within 30 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material and (3) affirms that Receiving Party has not provided any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material to any person or entity other than the court for use in the punitive damages phase of the trial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 6, 2019

*/s/ Lori Rifkin*
HADSELL STORMER & RENICK LLP
Dan Stormer
Lori Rifkin
Attorneys for Plaintiff

DATED: February 6, 2019

*/s/ Marc G. Cowden*
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
Alan Martini
Marc G. Cowden
Attorneys for Defendants California Forensic Medical Group, Inc. and Christina Kaupp

DATED: February 6, 2019

*/s/ Jan Holmes*
County Counsel
Michael R. Philippi
Jan Holmes
Attorneys for Defendant County of Monterey

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February _7_, 2019

_____
United States District/~~Magistrate Judge~~

7
Case No. 5:16-cv-00945 BLF - STIPULATED PROTECTIVE ORDER RE FINANCIAL DOCUMENTS OF DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC. AND CHRISTINA KAUPP

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [insert date] in the case of *Estate of Mark Vasquez Pajas, Sr. v. County of Monterey, et al.* Case No. 5:16-cv-00945 BLF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____